Argued June 20, decided July 8, 1913.

## OLD MILL DITCH & IRR. CO. *v.* BREEDING.

(133 Pac. 89.)

**Waters and Watercourses—Corporate Powers—Incidental Powers.**

1. A corporation empowered to construct a ditch for irrigation and to acquire water rights has the power, both as an incident of its ownership and under Section 6686, Subdivision 4, L. O. L., providing that a corporation has the right to purchase, possess and dispose of such real estate as may be necessary to carry into effect the objects of the corporation, to convey to an individual a perpetual right to water, to be delivered at his headgate through the company's ditch.

Injunction—Persons Restrained—Stockholders of Corporation.

2. A decree sustaining a water right acquired under a conveyance from a ditch company cannot restrain the stockholders from interfering with such right, where they were not made parties to the action.

From Jackson: FRANK M. CALKINS, Judge.

This is a suit by the Old Mill Ditch & Irrigation Company against William Breeding, to quiet title. From a decree in favor of plaintiff the defendant appeals. The facts are fully set forth in the opinion.                         MODIFIED.

For appellant there was a brief and an oral argument by *Mr. Allen E. Reames.*

For respondent there was a brief, with oral arguments by *Mr. Clarence L. Reames* and *Mr. William M. Colvig.*

MR. JUSTICE McNARY delivered the opinion of the court.

The matters alleged by plaintiff material to an understanding of the controversy are that the plaintiff is the owner of and in possession of a certain irrigation ditch known as the Old Mill Ditch & Irrigation Company's ditch, having its headgate in the northwest quarter of section 4, township 36 south, range 4 west of the Willamette meridian, Jackson County, Oregon, at a point on Evans Creek, the main canal of which ditch runs from said point to a point known as Sugar Pine gulch; that the plaintiff is the owner of a water right taken out of Evans Creek at the point aforesaid, where the water is divided and conducted through the ditch to lands of persons holding stock in plaintiff's corporation; that for a period of 10 years immediately prior to the institution of this suit, plaintiff charges that said property has been in the actual possession of and the beneficial uses

enjoyed by plaintiff and its predecessors in interest. Concluding, plaintiff alleges that defendant claims an estate and interest in said irrigation ditch adverse to plaintiff, and that the same is without right whatever.

In due time defendant appeared in said court and cause, and made answer to the complaint, and after admitting the corporate existence of plaintiff, and that he claimed an estate and interest in the irrigation ditch and water right described in plaintiff's complaint, asserted by way of a further and separate answer that he is the owner of a tract of land in Jackson County, irrigated by means of a private ditch lateral to the one in question; that said Old Mill Ditch & Irrigation Company's ditch has a carrying capacity of (1000) miner's inches of water under a six-inch pressure, and that he is the absolute owner of the following interest in said water ditch and water rights: "The perpetual right to (20) miner's inches of water (being an opening two inches by ten inches under a pressure or head of six inches above the top of said 2x10 inch opening)," said water to be delivered to defendant from said Old Mill Ditch & Irrigation Company's ditch to the private ditch of defendant. Defendant further alleges that during the irrigating season of each year for the past six years he has required for irrigating purposes the amount of water to which he is entitled; that he has used said water during those years without interruption, save when prevented by plaintiff in 1910, and that during all of the time plaintiff has recognized his right to the use of said water; that his title to the water is held by him under deeds of general warranty and mesne conveyance from the original locators and owners of said ditch to the grantors of defendant, and thence to defendant. Lastly, defendant avers that without the use of the quantity of water to which he is entitled his lands would be of little value, but

with the use of said water, his premises are of much value.

A reply denying the new matter alleged in plaintiff's answer concluded the pleadings. After a hearing was had upon the issues, the trial court entered a decree affirming defendant's interest in the Old Mill Ditch & Irrigation Company's ditch and water rights as recited in defendant's answer, and decreed that plaintiff, its officers, stockholders and successors in interest be perpetually enjoined from diverting any water from said ditch that would prevent the flow to the head of the ditch owned by defendant. Plaintiff, feeling displeased with the decree of the court, effects this appeal, assigning as· error a number of grounds, the significant ones being considered in the opinion which follows.

The facts presented show that during the month of April, 1904, plaintiff corporation was the· owner of a certain irrigation ditch euphoniously denominated the Old Mill Ditch & Irrigation Company's ditch, having its headgate at a point on Evans Creek in the northwest quarter section 4, township 36 south, range 4 west of the Willamette meridian in Jackson County, Oregon; that at a time contemporaneous plaintiff, for a valuable consideration to it paid, made, executed and delivered a deed to one of defendant's predecessors in interest, containing the following description:

"The amount of 10 per cent of all water at present carried or that may hereafter be carried in said Old Mill Ditch & Irrigation Company's ditch from and including April 15th until and including September 15th of each year, and from and including September 16th until and including April 14th of each year the amount of 16 2/3 per cent of same."

A brief time prior to the institution of this suit plaintiff corporation attempted a reorganization, and

called upon defendant and others similarly situated to reconvey their interest in the ditch to plaintiff, and to accept corporate stock in lieu thereof. Following the refusal of the defendant to accede to the proposition this suit was initiated.

1. The principal contention made by plaintiff is that it was without power, under its articles of incorporation, to execute a deed to defendant's grantors of any interest in the water ditch and water rights. The sole powers of the corporation are set forth in article 2 of its articles: "The object of this incorporation and the business in which it proposes to engage, is to establish, construct and operate a water ditch for irrigation and other purposes; and to acquire, own and hold real and other property and water rights necessary to carry said object into effect; together with such powers as may be needed for the accomplishment of said object." The claim is made that the officers of the corporation were wholly without power to execute the deed. As a general incident to the ownership of land, whenever a corporation has the power to own land it has the power to dispose of it in like manner as a natural person might do. Yet we need not rely upon the decided cases, for our statute, Section 6686, Subdivision 4, L. O. L., provides that a corporation has the right "to purchase, possess, and dispose of such real and personal property as may be necessary and convenient to carry into effect the objects of the incorporation." We think the articles of incorporation and the general power conferred by statute clothed the plaintiff corporation with plenary power to execute the deed under consideration, and that by the instruments of conveyance forming the chain of title between plaintiff corporation and defendant, the latter acquired the right to the beneficial use of the water thereby conveyed, independent of

the physical structure of the ditch, the legal title to which did not pass from plaintiff corporation.

2. We think the court was without jurisdiction to enter a decree touching the rights of the stockholders of the corporation, as they were not made parties of defendant, nor was it necessary or proper in order to determine the respective rights of plaintiff and defendant by virtue of the conveyance in question.

We do not think the decree of the court is susceptible of the construction that plaintiff is required to deliver water beyond the defendant's ditch. This the court could not decree, for the instrument conveying the water rights simply contained the measure of defendant's interest, apart from any legal duty with respect to the delivery of the water beyond the private ditch of defendant.

We think the decree of the Circuit Court should be modified to conform to this opinion.     MODIFIED.

Mr. Chief Justice McBride, Mr. Justice Bean and Mr. Justice Eakin concur.